```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA              :

        - v. -                        :       07 Cr. 1015 (LAK)

MICHAEL DEDE,                         :
    a/k/a "Bart,"
    a/k/a "Sunshine,"                 :

                Defendant.            :

- - - - - - - - - - - - - - - - - - - - - - - x
```

## GOVERNMENT'S PROPOSED EXAMINATION OF PROSPECTIVE JURORS

```
                            MICHAEL J. GARCIA
                            United States Attorney for the
                            Southern District of New York,
                            Attorney for the United States
                                  of America
```

```
Todd Blanche
John M. Hillebrecht
Assistant United States Attorneys
      - Of Counsel -
```

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA               :

        - v. -                         :    07 Cr. 1015 (LAK)

MICHAEL DEDE,                          :
    a/k/a "Bart,"
    a/k/a "Sunshine,"                  :

            Defendant.                 :

- - - - - - - - - - - - - - - - - - - - x
```

**GOVERNMENT'S PROPOSED EXAMINATION**
**OF PROSPECTIVE JURORS**

The Government respectfully requests that the Court include the following questions in its examination of prospective jurors pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure. The Court is requested to pursue more detailed questioning if a particular juror's answer reveals that further inquiry is appropriate and, in such an instance, to conclude with an inquiry as to whether the particular fact or circumstance would influence the juror in favor of or against either the Government or the defendant.

**The Charges**

1. This is a criminal case. The defendant, MICHAEL DEDE, has been charged with the commission of federal crimes in an Indictment filed by a grand jury sitting in this district. The Indictment charges the defendant with conspiring to distribute, and to possess with intent to distribute, one

kilogram or more of heroin from in or about 2004 through in or about August 2006. Does any juror have any personal knowledge of the charge in the Indictment as I have described it?

    2.   Does any juror feel that he or she could not view fairly and impartially a case involving such charges? Has any juror formed an opinion that the actions charged in the Indictment, as I have described them to you, should not be crimes?

    3.   Do any of you have any opinion about the enforcement of federal laws generally that might prevent you from being fair and impartial in this case?

    4.   Has any juror been a victim of a crime? Has any juror been involved in an offense involving narcotics? Has any juror's relative, close friend or associate been involved in an offense involving narcotics?

### **Knowledge of the Trial Participants**

    5.   Does any juror know, or has he or she had any dealings, directly or indirectly, with the defendant, Michael Dede, or with any relative, friend or associate of the defendant? [Please ask the defendant to stand as his name is called.]

    6.   Does any juror have any relatives, friends, associates, employers or employees who know or who have had any dealings with the defendant, or with any relative, friend or associate of the defendant?

7. The Government is represented here, as in all cases where it is a party before this Court, by the United States Attorney for the Southern District of New York, Michael J. Garcia. The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Todd Blanche and John Hillebrecht. They will be assisted throughout the trial by NYPD Detective Thomas Gergley, and Jason Richman, a paralegal with the United States Attorneys Office. [Please ask Mssrs. Blanche, Hillebrecht, Gergley, and Richman to stand as their names are called.] Do any of you know Mr. Garcia, Mr. Blanche, Mr. Hillebrecht, or Mr. Richman? Have any of you had any dealings, either directly or indirectly, with any of these individuals?

8. Defendant Michael Dede is represented by William H. Devaney, Esq., who works at a firm called Venable LLP, at 405 Lexington Avenue New York, NY 10174. [Please ask Mr. Devaney to stand as his name is called.] Do any of you know Mr. Devanty or anyone associated with the Venable firm? Has any juror had any dealings with him, either directly or indirectly?

9. Does any juror know, or has any juror had any dealings, either directly or indirectly, with any of the following persons who may be witnesses or whose names may be mentioned in this case:

**[A list will be supplied prior to jury selection.]**

10.  Does any juror know, or has any juror had any dealings, either directly or indirectly, with any of the following locations which may be mentioned in this case:

**[A list will be supplied prior to jury selection.]**

### Relationship With Government

11.  Does any juror know, or have any association -- professional, business, or social, direct or indirect -- with any member of the staff of the United States Attorney's Office for the Southern District of New York or with any member of the staff of DEA?  Is any member of your family employed by any law enforcement agency, whether federal, state or local?

12.  Has any juror -- either through any experience he or she has had or anything he or she has seen or read -- developed any bias or prejudice for or against the United States Attorney's Office, NYPD, or law enforcement agencies in general?

13.  Have you, or has any member of your family, either as an individual or in the course of his or her business, ever been a party to any legal action or dispute with the United States or any of the officers, departments, agencies, or employees of the United States, or had any interest in any such legal action or dispute or its outcome?  More specifically, have you, or has any member of your family, ever had a dispute concerning payment of money owed to you by the Government?

-4-

**Prior Jury Service**

14. Have you ever at any time served as a member of a grand jury, whether in federal, state, county or city court? If so, when and where?

15. Have you ever served as a juror in a trial in any court? If so, in what court did you serve and was it a civil or criminal case? What type of case was it?

16. Did the jury reach a verdict?

**Experience as a Witness, Defendant, or Crime Victim**

17. Has any juror or any relative or close friend ever been involved or appeared as a witness in any investigation by a federal or state grand jury or by a Congressional or state legislative committee, licensing authority, or Governmental agency, or been questioned in any matter by a federal, state, or local law enforcement agency?

18. Have you or has a relative or close friend ever been a witness or a complainant in any hearing or trial, state or local or federal?

19. Are you, or is any member of your family, or a close friend, now under subpoena or, to your knowledge, about to be subpoenaed in any criminal case?

20. Have you, or has any member of your family, any associate or close friend, ever been charged with a crime?

-5-

21. Have you or any relative, associate, or close friend ever been the subject of any investigation or accusation by any federal or state grand jury?

22. Have you or any friend or relative ever been a victim of a crime?

23. As I explained before, the charge in this case involves allegations of conspiring to distribute and to possess with intent to distribute 1 kilogram or more of mixtures and substances containing a detectable amount of heroin, which is an illegal controlled substance. Does any juror have any opinion about the enforcement of the federal narcotics laws that might prevent you from being fair and impartial in this case? Does any juror have any opinion specifically about the enforcement of federal narcotics laws regarding heroin that might prevent you from being fair and impartial in this case?

24. Has any juror been involved in an offense involving narcotics, whether or not it involved heroin? Has any juror's relative, close friend or associate been involved in an offense involving narcotics? Has any juror, or any member of the juror's family, or any juror's close friend, had any experiences of any kind, directly or indirectly, with narcotics?

25. Do any of you feel, for any reason, that you could not view fairly and impartially a case involving federal narcotics charges?

### Views On Witnesses

26. The witnesses in this case may include, among others, detectives with the New York City Police Department. Would any of you be more likely to believe or disbelieve a witness merely because he or she is a law enforcement officer? Would any of you be less likely to believe or disbelieve a witness merely because he or she is a law enforcement officer?

### Other Questions

27. Does any juror have a problem with his or her hearing or vision which would prevent him or her from giving full attention to all of the evidence at this trial? Is any juror taking any medication which would prevent him or her from giving full attention to all the evidence at this trial?

28. Does any juror have any difficulty in reading or understanding English in any degree?

### Function of the Court and Jury

29. The function of the jury is to decide questions of fact. You are the sole judges of the facts and nothing that the Court or the lawyers say or do may encroach in any way on your role as the exclusive fact finders. When it comes to the law, however, you must take your instructions from the Court and you are bound by those instructions. You may not substitute your notions of what the law is or what you think it should be. At

the conclusion of the case, your job will be to determine whether or not the defendants are guilty as charged in the Indictment.

30.  Does any juror have any bias or prejudice that might prevent or hinder him or her from accepting the instructions of the law that I will give you in this case?

31.  Will each juror accept the proposition that the question of punishment is for the Court alone to decide and that the possible punishment must not enter into the deliberation of the jurors as to whether the defendants on trial here are guilty?

32.  It is not a particularly pleasant duty to find another individual guilty of committing a crime.  Is there any juror who feels that even if the evidence established the defendant's guilt beyond a reasonable doubt, he or she might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

33.  Does any juror have any religious, philosophical or other belief which would make him or her unable to render a guilty verdict for reasons unrelated to the law and the evidence?

34.  In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror.  Apart from any prior questions, does any juror have the slightest doubt in his or her mind, for any reasons whatsoever, that he or she will be able to serve conscientiously, fairly, and impartially in this case and to

render a true and just verdict without fear, favor, sympathy, or prejudice, and according to the law as it will be explained?

### **Juror's Background**

34.  The Government respectfully requests that the Court ask each juror to state the following information:

  (a) the juror's occupation;

  (b) the name of the juror's employer;

  (c) the period of employment with that employer;

  (d) the nature of the juror's work;

  (e) the same information concerning other employment within the last five years;

  (f) the same information with respect to the juror's spouse, parents, working children, and any persons with whom the juror resides;

  (g) the area in which the juror currently resides and any other area in which the juror has resided during the last five years;

  (h) the educational background of the juror, the juror's spouse, adult children and parents, including the highest degree obtained;

  (i) the juror's and the juror's spouse's hobbies;

  (j) the names of the newspapers and magazines the juror reads; and

  (k) the names of the television programs the juror regularly watches.

**Requested Instruction Following**
<u>**Impaneling of the Jury**</u>

      35.   From this point on until you retire to deliberate on your verdict, it is your duty not to discuss this case and not to remain in the presence of other persons who may be discussing this case. This rule about not discussing the case with others includes discussions even with members of your own family or friends.

      36.   If at any time during the course of this trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me.

37. In this regard, let me explain to you that the attorneys and the defendants in a case are not supposed to talk to jurors, even to offer a friendly greeting.  So if you happen to see any of them outside this courtroom they will, and should, ignore you.  Please do not take offense.  They will only be acting properly by doing so.

Dated:    New York, New York
          February 1, 2008

                                          Respectfully submitted,

                                          MICHAEL J. GARCIA
                                          United States Attorney for the
                                          Southern District of New York,
                                          Attorney for the United States
                                                of America

                              By:  _____
                                          Todd Blanche/John M. Hillebrecht
                                          Assistant United States Attorney
                                          Tel.:  (212)637-2494/2262

CERTIFICATE OF SERVICE

     Todd Blanche, pursuant to Title 28, United States Code, Section 1746, hereby declares under the penalty of perjury:

     That I am an Assistant United States Attorney in the Office of the United States Attorney for the Southern District of New York.

     That on February 1, 2008, I caused one copy of the within Proposed Voir Dire to be filed via Electronic Filing, thereby sending notice to the following counsel of record:

         William Devaney, Esq. (Counsel for defendant)

     I declare under penalty of perjury that the foregoing is true and correct.  28 U.S.C. Section 1746.

Dated:  New York, New York
       February 1, 2008

                                       _____
                                       Todd Blanche