UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA                    :

            - v. -                          :    07 Cr. 1015 (LAK)

MICHAEL DEDE,                               :
        a/k/a "Bart,"
        a/k/a "Sunshine,"                   :

                    Defendant.              :

- - - - - - - - - - - - - - - - - - - x

GOVERNMENT'S REQUESTS TO CHARGE

                              MICHAEL J. GARCIA
                              United States Attorney for the
                              Southern District of New York,
                              Attorney for the United States
                                  of America

Todd Blanche
John N. Hillebrecht
Assistant United States Attorneys
        - Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA                :

            - v -                       :    07 Cr. 1015 (LAK)

MICHAEL DEDE,                           :
      a/k/a "Bart,"
      a/k/a "Sunshine,"                 :

                  Defendant.            :

- - - - - - - - - - - - - - - - - - - x

## GOVERNMENT'S REQUESTS TO CHARGE

            Pursuant to Rule 30 of the Federal Rules of Criminal
Procedure, the Government respectfully requests that the Court
include the following in its charge to the jury.

TABLE OF CONTENTS

PAGE

1.  General Requests  . . . . . . . . . . . . . . . . . . . 1

2.  The Indictment  . . . . . . . . . . . . . . . . . . . . 2

3.  Conspiracy Instructions (21 U.S.C. § 846) . . . . . . . . 3

4.  Elements of Conspiracy  . . . . . . . . . . . . . . . . 5

5.  First Element – Existence of the Conspiracy . . . . . . . 7

6.  Second Element – Membership in the Conspiracy . . . . . . 12

7.  Overt Acts  . . . . . . . . . . . . . . . . . . . . . . 17

8.  Time of Conspiracy  . . . . . . . . . . . . . . . . . . 19

9.  Distribution or Possession  . . . . . . . . . . . . . . 20

10. Liability for Acts and Statements of Co-conspirators  . . 22

11. Special Interrogatory on Drug Quantity  . . . . . . . . 23

12. Venue . . . . . . . . . . . . . . . . . . . . . . . . . 24

13. Defendant's Testimony (If Applicable) . . . . . . . . . . 26

14. Defendant's Right Not to Testify (If Applicable)  . . . . 28

15. Particular Investigative Techniques Not Required  . . . . 29

16. Preparation of Witnesses (If Applicable)  . . . . . . . . 30

17. Persons Not On Trial  . . . . . . . . . . . . . . . . . 31

18. Uncalled Witnesses -- Equally Available . . . . . . . . . 32

19. Expert Testimony (If applicable)  . . . . . . . . . . . . 33

20. Character Testimony (If Applicable) . . . . . . . . . . . 35

21.  Conclusion . . . . . . . . . . . . . . . . . . . . . . 37

**REQUEST NO. 1**

**<u>General Requests</u>**

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a.    Function of Court and Jury

b.    Indictment not Evidence

c.    Statements of Court and Counsel not Evidence

d.    Burden of Proof and Presumption of Innocence

e.    Reasonable Doubt

f.    Government Treated Like Any Other Party

g.    Definitions and Examples of Direct and Circumstantial Evidence

h.    Credibility of Witnesses

i.    Interest in Outcome

j.    Right to See Exhibits and Have Testimony Read During Deliberations

k.    Sympathy:  Oath as Jurors

l.    Punishment Is Not to Be Considered by the Jury

m.    Consider Each Count Separately

n.    Verdict of Guilt or Innocence Must be Unanimous

1

**REQUEST NO. 2**

**<u>The Indictment</u>**

The defendant is formally charged in an Indictment.  As I
instructed you at the outset of this case, the Indictment is a
charge or accusation.  It is not evidence.  The Indictment in
this case contains one count.  Before you begin your
deliberations, you will be provided with a copy of the Indictment
containing these charges.  I will read the entire Indictment to
you in a moment, and then I will explain in detail the elements
of the offense.

REQUEST NO. 3

### Conspiracy Instructions (21 U.S.C. § 846)

Count One of the Indictment charges the defendant with participating in a conspiracy to violate the narcotics laws of the United States.  Specifically -- and I am reading now from the Indictment -- Count One charges that:

> **[The Court is respectfully requested to read Count One of the Indictment]**

As I said before, the defendant is charged with having been a member of a conspiracy to violate certain federal laws relating to narcotics.  A conspiracy is a kind of criminal partnership -- an agreement of two or more persons to join together to accomplish some unlawful purpose.

The crime of conspiracy -- or agreement -- to violate a federal law, as charged in Count One of this Indictment, is an independent offense.  It is separate and distinct from the actual violation of any specific federal laws, which the law refers to as "substantive crimes."

Indeed, you may find a defendant guilty of the crime of conspiracy to distribute heroin, or to possess heroin with intent to distribute it -- in other words, agreeing to distribute or to possess with intent to distribute heroin -- even if there was no actual distribution or possession with the intent to distribute heroin.  Congress has deemed it appropriate to make conspiracy,

3

standing alone, a separate crime, even if the conspiracy is not

successful and no drugs are actually distributed.

> Adapted from the charge of the Honorable Leonard
> B. Sand in <u>United States</u> v. <u>Rios</u>, 91 Cr. 914
> (LBS) (S.D.N.Y. 1992); Sand <u>et al</u>., <u>Modern
> Federal Jury Instructions</u>, Instr. 19-2.

> <u>See United States</u> v. <u>Labat</u>, 905 F.2d 18, 21 (2d Cir.
> 1990) ("Since the essence of conspiracy is the
> agreement and not the commission of the substantive
> offense that is its objective, the offense of
> conspiracy may be established even if the
> collaborators do not reach their goal.").

REQUEST NO. 4

**Elements of Conspiracy**

In order to sustain its burden of proof with respect to the charge of conspiracy contained in Count One of the Indictment, the Government must prove beyond a reasonable doubt the following two elements:

First, the existence of the conspiracy charged in the Indictment; in other words, that there was, in fact, an agreement or understanding to violate those provisions of the law that make it illegal to distribute narcotics, or to possess narcotics with the intent to distribute them.

Therefore, the first question for you is:  Did the conspiracy alleged in the Indictment exist?  Was there such a conspiracy?

Second, the Government must prove beyond a reasonable doubt that the defendant knowingly became a member of the conspiracy charged; that is, that he knowingly associated himself with the conspiracy, and participated in the conspiracy to distribute or possess with the intent to distribute narcotics.

Now let us separately consider the two elements.  First, the existence of a conspiracy; and second, whether the defendant knowingly associated himself with and participated in the conspiracy.

Adapted from the charge of the Honorable
Leonard B. Sand in United States v. Rios, 91

5

Cr. 914 (LBS) (S.D.N.Y. 1992).

Under Section 846, it is not necessary for the Government to allege or prove even one overt act.  See United States v. Shabani, 115 S. Ct. 382, 385 (1994) (Government need not prove commission of any overt acts in furtherance of conspiracy in violation of section 846 conspiracy); United States v. Story, 891 F.2d 988, 992 (2d Cir. 1989) ("The only elements of a section 846 narcotics conspiracy offense are the existence of a conspiracy and defendant's willful joining it."); United States v. Knuckles, 581 F.2d 305, 311 (2d Cir.), cert. denied, 439 U.S. 986 (1978); United States v. Bermudez, 526 F.2d 89, 94 (2d Cir. 1975), cert. denied, 425 U.S. 970 (1976).

6

REQUEST NO. 5

**First Element -- Existence of the Conspiracy**

Starting with the first element, what is a conspiracy?  As I mentioned just a few minutes ago, a conspiracy is an agreement or an understanding, between two or more persons, to accomplish by joint action a criminal or unlawful purpose.  In this instance, the unlawful purpose alleged to be the objects of the conspiracy charged in Count One is the distribution of heroin and the possession of heroin with the intent to distribute it.

The gist, or the essence, of the crime of conspiracy is the unlawful agreement between two or more people to violate the law. As I mentioned earlier, the ultimate success of the conspiracy, or the actual commission of the crime that is the object of the conspiracy, is not required.

The conspiracy alleged here, therefore, is an <u>agreement</u> to distribute heroin, or an <u>agreement</u> to possess heroin with the intent to distribute it.  Now, to show a conspiracy, the Government is not required to show that two or more people sat around a table and entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy to violate the law and spelling out all the details.  Common sense tells you that when people agree to enter into a criminal conspiracy, much is left to the unexpressed understanding.  It is rare that a conspiracy can be proven by direct evidence of an explicit

7

agreement.

In order to show that a conspiracy existed, the evidence must show that two or more persons, in some way or manner, either explicitly or implicitly, came to an understanding to violate the law and to accomplish an unlawful plan.

In determining whether there has been an unlawful agreement as alleged in the Indictment, you may consider the actions of all the alleged co-conspirators that were taken to carry out the apparent criminal purpose.  The old adage, "actions speak louder than words," applies here.  Often, the only evidence that is available with respect to the existence of a conspiracy is that of disconnected acts on the part of the alleged individual co-conspirators.  When taken all together and considered as a whole, however, that conduct may warrant the inference that a conspiracy existed just as conclusively as more direct proof, such as evidence of an express agreement.

So, you must first determine whether or not the proof established beyond a reasonable doubt the existence of the conspiracy charged in the Indictment.  In considering this first element, you should consider all the evidence that has been admitted with respect to the conduct and statements of each alleged co-conspirator, and any inferences that may reasonably be drawn from that conduct and those statements.  It is sufficient to establish the existence of the conspiracy, as I have already

8

said, if, from the proof of all the relevant facts and circumstances, you find beyond a reasonable doubt that the minds of at least two alleged co-conspirators met in an understanding way, to accomplish the objectives of the conspiracy charged in the Indictment.

<u>Object of Conspiracy</u>

The object of a conspiracy is the illegal goal the co-conspirators agree or hope to achieve.  Count One of the Indictment here charges the following objects of the conspiracy: distribution of heroin and possession of heroin with the intent to distribute it.  I will define the terms "distribution" and "possession" for you later in this charge.

I instruct you that the purity and actual quantity of the heroin involved is not pertinent to your determination of whether the charged conspiracy existed, so you need not be concerned with that in making your determination as to whether the conspiracy existed.  You need only find that the co-conspirators agreed to participate in the distribution or possession with the intent to distribute <u>some</u> quantity of heroin.  However, as I will explain later, if you do find that the Government has proved the elements of Count One beyond a reasonable doubt, you will be asked to make a finding about the quantity of heroin that the conspirators agreed to distribute or possess with intent to distribute.

Adapted from the charge of the Honorable
Leonard B. Sand in <u>United States</u> v. <u>Rios</u>, 91

9

Cr. 914 (LBS.) (S.D.N.Y. 1992), and the
charge of the Honorable Kevin T. Duffy in
United States v. Ogarro, 92 Cr. 114 (KTD)
(S.D.N.Y. 1992), and the charge of the
Honorable Kevin T. Duffy in United States v.
Burnett, 92 Cr. 731 (KTD) (S.D.N.Y. 1993).
See also Sand et al., Modern Federal Jury
Instructions, Instr. 19-4.

See United States v. Rea, 958 F.2d 1206, 1214
(2d Cir. 1992) ("In order to prove
conspiracy, the government need not present
evidence of an explicit agreement; proof of a
tacit understanding will suffice.  The
conspirators need not have agreed on the
details of the conspiracy, so long as they
have agreed on the essential nature of the
plan, and their goals need not be congruent,
so long as they are not at cross-purposes.")
(citations omitted); United States v.
Montour, 944 F.2d 1019, 1025 (2d Cir. 1991)
("To prove the existence of an agreement, the
government need not present evidence of a
formal arrangement between the co-
conspirators.  Rather, it is sufficient if
the government can demonstrate that the
defendant acted together with others to
realize a common goal") (citations omitted).
See also United States v. Rubin, 844 F.2d
979, 983-84 (2d Cir. 1988) (generally
discussing proof of agreement).

See United States v. McCullah, 76 F.3d 1087,
1103-04 (10th Cir. 1996) (upholding guilty
verdict on charge of conspiracy to distribute
narcotics, even though there was no evidence
that defendant actually trafficked drugs for
the organization, where defendant
participated in the recovery of stolen drugs
and punishment of drug thieves, including
formulating plan to kidnap suspected drug
thief); United States v. Atehortva, 17 F.3d
546, 550-52) (2d Cir. 1993)(overturning
conviction for conspiracy to distribute
narcotics because, although defendant had
conspired to collect a debt by kidnaping a
victim, there was insufficient evidence that
defendant knew the debt was drug related);

10

United States v. Medina, 940 F.2d 1247, 1250
(same).

See also United States v. Campuzano, 905 F.2d
677 (2d Cir.) (quantity not an element of §
841 or § 846 offenses; proper not to present
question of quantity to jury), cert. denied,
498 U.S. 947 (1990).

## REQUEST NO. 6

### Second Element -- Membership in the Conspiracy

If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy charged in the Indictment existed, then you must next determine the second question: Whether the defendant participated in the conspiracy with knowledge of its unlawful purpose, and in furtherance of its unlawful objective.

The Government must prove beyond a reasonable doubt that the defendant knowingly and intentionally entered into the conspiracy with a criminal intent -- that is, with a purpose to violate the law -- and that the defendant agreed to take part in the conspiracy to promote and cooperate in its unlawful objective.

### "Unlawfully," "Intentionally" and "Knowingly" Defined

The terms "unlawfully" and "intentionally" and "knowingly" are intended to ensure that if you find that the defendant did join the conspiracy, you also conclude beyond a reasonable doubt that, in doing so, he knew what he was doing; in other words, that he took the actions in question deliberately and voluntarily.

An act is done "knowingly" and "intentionally" if it is done deliberately and purposely; that is, the defendant's acts must have been the product of the defendant's conscious objective, rather than the product of a mistake or accident, or mere negligence, or some other innocent reason.

12

"Unlawfully" simply means contrary to law.  The defendant you are considering need not have known that he was breaking any particular law, but he must have been aware of the generally unlawful nature of his acts.

Now, science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking.  However, you do have before you evidence of certain acts and conversations alleged to have taken place with the defendant.  The Government contends that these acts or conversations show, beyond a reasonable doubt, the defendant's knowledge of the unlawful purpose of the conspiracy.

The defendant denies that he was a member of a conspiracy. It is for you to determine whether the Government has established beyond a reasonable doubt that such knowledge and intent on the part of the defendant existed.

It is not necessary for the Government to show that the defendant was fully informed as to all the details of the conspiracy in order for you to infer knowledge on his part.  To have guilty knowledge, a defendant need not know the full extent of the conspiracy, or all of the activities of all its participants.  It is not even necessary for a defendant to know every other member of the conspiracy.  In fact, a defendant may know only one other member of the conspiracy and still be a co-conspirator.  Nor is it necessary for a defendant to receive any

13

monetary benefit from his participation in the conspiracy, or
have a financial stake in the outcome.  It is enough if he
participated in the conspiracy unlawfully, intentionally and
knowingly, as I have defined those terms.

The duration and extent of a defendant's participation has
no bearing on the issue of the defendant's guilt.  He need not
have joined the conspiracy at the outset.  He may have joined it
at any time in its progress, and he will still be held
responsible for all that was done before he joined and all that
was done during the conspiracy's existence while he was a member.
Each member of a conspiracy may perform separate and distinct
acts.  Some conspirators play major roles, while others play
minor roles in the scheme.  An equal role is not what the law
requires.  In fact, even a single act may be sufficient to draw a
defendant within the scope of the conspiracy.

However, I want to caution you that a person's mere
association with a member of a conspiracy does not make that
person a member of the conspiracy, even when that association is
coupled with knowledge that a conspiracy is taking place.  Mere
presence at the scene of a crime, even coupled with knowledge
that a crime is taking place, is not sufficient to support a
conviction.  In other words, knowledge without agreement and
participation is not sufficient.  What is necessary is that a
defendant participated in the conspiracy with knowledge of its

14

unlawful purpose, and with an intent to aid in the accomplishment of its unlawful objective.

In sum, the defendant, with an understanding of the unlawful nature of the conspiracy, must have intentionally engaged, advised or assisted in the conspiracy for the purpose of furthering an illegal undertaking.  The defendant thereby becomes a knowing and willing participant in the unlawful agreement -- that is to say, a conspirator.

A conspiracy, once formed, is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by its members.  So, too, once a person is found to be a member of a conspiracy, he is presumed to continue his membership in the venture until its termination, unless it is shown by some affirmative proof that he withdrew and disassociated himself from it.

> Adapted from the charge of the Honorable Leonard B. Sand in United States v. Rios, 91 Cr. 914 (LBS.) (S.D.N.Y. 1992), and from Sand, Modern Federal Jury Instructions, Instr. 19-6 and 56-18, and from United States v. Townsend, 987 F.2d 927 (2d Cir. 1993) (defining "intentionally").

> See United States v. Rea, 958 F.2d 1206, 1214 (2d Cir. 1992) ("The defendant's knowledge of the conspiracy and participation in it with the requisite criminal intent may be established through circumstantial evidence.  A defendant need not have joined a conspiracy at its inception in order to incur liability for the unlawful acts of the conspiracy committed both before and after he or she became a member.").  See also United States

15

v. <u>Miranda-Ortiz</u>, 926 F.2d 172, 175-76 (2d
Cir.) (generally discussing proof required
to show membership in conspiracy), <u>cert</u>.
<u>denied</u>, 112 S. Ct. 347 (1991); <u>United</u> <u>States</u>
v. <u>Maldonado-Rivera</u>, 922 F.2d 934, 960 (2d
Cir. 1990) (same), <u>cert</u>. <u>denied</u>, 111 S. Ct.
2858 (1991).

REQUEST NO. 7

**Narcotics Conspiracy: Overt Acts**

Count One of the Indictment contains a section entitled "overt acts."  These "overt acts" are examples of conduct undertaken by the defendant to promote the illegal objective of the conspiracy.

The "Overt Acts" portion of Count One of the Indictment alleges:

> **[The Court is respectfully requested to read the "OVERT ACTS" section of Count One of the Indictment.]**

It is not necessary for the Government to prove that any of the overt acts alleged in Count One of the Indictment took place, so long as the Government proves, as I have explained, the existence of the conspiracy charged in the Indictment and that the defendant was a knowing and intentional member of the conspiracy.

> Adapted from the charge of the Honorable Richard M. Berman in United States v. Manuel Pena, S1 00 Cr. 36 (RMB)(S.D.N.Y. 2001).  As noted previously, under Section 846, it is not necessary for the Government to allege or prove even one overt act.  See United States v. Shabani, 115 S. Ct. 382, 385 (1994) (Government need not prove commission of any overt acts in furtherance of conspiracy in violation of section 846 conspiracy); United States v. Story, 891 F.2d 988, 992 (2d Cir. 1989) ("The only elements of a section 846 narcotics conspiracy offense are the

17

existence of a conspiracy and defendant's willful joining it."); <u>United States</u> v. <u>Knuckles</u>, 581 F.2d 305, 311 (2d Cir.), <u>cert</u>. <u>denied</u>, 439 U.S. 986 (1978); <u>United States</u> v. <u>Bermudez</u>, 526 F.2d 89, 94 (2d Cir. 1975), <u>cert</u>. <u>denied</u>, 425 U.S. 970 (1976).

REQUEST NO. 8

**Narcotics Conspiracy:  Time of Conspiracy**

The Indictment charges that the conspiracy charged in Count One existed in or about January 2005.  It is not essential that the Government prove that the conspiracy alleged started and ended on any specific dates.  Indeed, it is sufficient if you find that the conspiracy was formed and that it existed for some time around the dates set forth in the Indictment.

This is also a good opportunity to instruct you that it does not matter if a specific event or transaction is alleged to have occurred on or about a certain date, and the evidence indicates that in fact it occurred on another date.  The law only requires a substantial similarity between the dates alleged in the Indictment and the dates established by the testimony and other evidence. The same is true for other factual contentions in the Indictment, including any drug quantities listed in the indictment; only a substantial similarity is required.

> Adapted from the charge of the Honorable John
> F. Keenan in United States v. Carrero, 91 Cr.
> 365 (JFK) (S.D.N.Y. 1991);  Sand et al.,
> Modern Federal Jury Instructions, Instr. 3-
> 12.

19

REQUEST NO. 9

## Distribution or Possession

Count One of the Indictment charges that the objects of the conspiracy were to "distribute and possess with intent to distribute" heroin.  I will now define for you the terms "distribution" and "possession with intent to distribute."

What do these terms mean?

## "Distribution"

The word "distribution" means the process of actual, constructive or attempted transfer of a controlled substance, including sale.  "Distribution" includes delivering, passing or handing over something to another person, or causing something to be delivered, passed on, or handed over to another person. Distribution does not require a sale, but includes sales.

## "Possession With Intent to Distribute"

What does "possession with intent to distribute" mean?

"Possession with intent to distribute" simply means the possession of a controlled substance with the intention or purpose to "distribute" it to another person or persons.  As I explained, to "distribute" means simply to transfer to another.

Often it is possible to determine whether someone had an "intent to distribute" from the quantity of drugs that were possessed, although the possession of a large quantity of narcotics does not necessarily mean that an individual intended to

20

distribute them.  On the other hand, an individual may have intended to distribute a controlled substance even if he did not possess a large amount of it.

Remember, as I mentioned earlier, the ultimate success of the conspiracy, or the actual commission of the crime that is the object of the conspiracy, is not required.  The offense alleged here is simply the conspiracy, or agreement, to distribute heroin, or the conspiracy, or agreement, to possess heroin with the intent to distribute it.

> Adapted from the charge of the Honorable Leonard B. Sand in United States v. Rios, 91 Cr. 914 (LBS.) (S.D.N.Y. 1992) and from the charge of the Honorable John M. Walker in United States v. Torres, 87 Cr. 593 (JMW) (S.D.N.Y. 1988), aff'd, 901 F.2d 205, 221, 243-44 (2d Cir.) (specifically approving charge on possession), cert. denied, 111 S.Ct. 273 (1990).  See also Sand et al., Modern Federal Jury Instructions, Instr. 56-9, 56-12, and 56-13.

REQUEST NO. 10

**Liability for Acts and Declarations of Co-Conspirators**

When people enter into a conspiracy to accomplish an unlawful end, they become agents or partners of one another in carrying out the conspiracy.

In determining the factual issues before you, you may consider against the defendant any acts or statements made by any of his co-conspirators, even though such acts or statements were not made in his presence, or were made without his knowledge.

> See United States v. Mastropieri, 685 F.2d 776, 786-90 (2d Cir.), cert. denied, 459 U.S. 945 (1982) (specifically mandating that juries not be invited to reconsider the admissibility of co-conspirator hearsay).

22

REQUEST NO. 11

**Special Interrogatory on Drug Quantity**

If you conclude that the Government has met its burden of establishing the guilt of the defendant beyond a reasonable doubt with respect to Count One of the Indictment, you will then be required to determine whether the conspiracy involved one kilogram or more of mixtures and substances containing a detectable amount of heroin. You will be provided with a verdict form that will include a space for you to indicate your determination with respect to drug quantity for the conspiracy.

You do not need to determine the precise quantity of drugs involved in the offense. Rather, you need only decide whether it involved 1 kilogram or more of mixtures and substances containing a detectable amount of heroin.

Your determination regarding drug quantity must be unanimous and must be reached beyond a reasonable doubt.

> Adapted from the charge of the Honorable Michael B. Mukasey in United States v. Moyhernandez, 97 Cr. 197 (S.D.N.Y. 2000) (MBM).

> In Apprendi v. New Jersey, 120 S. Ct. 2348 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 2362-63.

23

REQUEST NO. 12

**Venue**

In addition to the elements I have described for you, you must also decide whether any act in furtherance of the conspiracy occurred within the Southern District of New York, which includes all of Manhattan and the Bronx.  This means that you must decide whether the crime charged in a particular count or any act committed to further or promote the crime, occurred within the Southern District of New York.

I should note that on this issue -- and this issue alone -- the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence.  Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that act in furtherance of the conspiracy took place in the Southern District of New York.

If you find that the Government has failed to prove this venue requirement by a preponderance of the evidence, then you must acquit the defendant of the charge.

> Adapted from the charge of the Honorable Charles S. Haight, Jr. in United States v. Rogers, 90 Cr. 377 (CSH) (S.D.N.Y. 1991) (wire fraud), and from Sand et al., Modern Federal Jury Instructions, Instr. 3-11; see 18 U.S.C. § 3237 (general venue provision for offenses committed in more than one district). See also United States v. Naranjo, 14 F.3d 145, 147 (2d Cir. 1994) ("[P]hone calls from one district into another can establish venue in the latter district

24

so long as they further the ends of the conspiracy."); <u>United States</u> v. <u>Gonzalez</u>, 922 F.2d 1044, 1054-55 (2d Cir.) (affirming that venue is governed by a preponderance standard), <u>cert</u>. <u>denied</u>, 112 S. Ct. 660 (1991).

## REQUEST NO. 13

### Defendant's Testimony

### [Requested only if defendant testifies]

The defendant has taken the witness stand.  Obviously, the defendant has a deep personal interest as a result of his prosecution.

This interest creates a motive for false testimony.  In appraising the defendant's credibility, you may take that into account.

It by no means follows, however, that simply because a person has a vital interest in the end result, that he is not capable of telling a truthful and straightforward story.

It is for you to decide to what extent, if at all, the defendant's interest has affected or colored his testimony.

> Adapted from the charge of the Honorable Richard Owen in United States v. Martin, 525 F.2d 703, 706 n.3 (2d Cir.) (specifically approving charge), cert. denied, 423 U.S. 1035 (1975).  See United States v. Smith, 778 F.2d 925, 929 (2d Cir. 1985) (approving substantially similar charge).  See also United States v. Matias, 836 F.2d 744, 749-50 (2d Cir. 1988) (reversible error for court to fail to charge that defendant is capable of telling the truth despite his interest in the outcome; reaffirming balanced charge in Martin), and United States v. Gleason, 616 F.2d 2, 15 (2d Cir. 1979) ("Where the court points out that testimony of certain kinds of witnesses may be suspect and should therefore be scrutinized and weighed with care, such as that of ... defendants, ... it must also

26

direct the jury's attention to the fact that
it may well find these witnesses to be
truthful, in whole or in part."), <u>cert</u>.
<u>denied</u>, 444 U.S. 1082 (1980).

**REQUEST NO. 14**

**<u>Defendant's Right Not to Testify</u>**

**[If requested by defense.]**

The defendant did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to the defendant.  A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify.  No adverse inference against him may be drawn by you because he did not take the witness stand.  You may not consider this against the defendant in any way in your deliberations in the jury room.

> Sand <u>et al</u>., <u>Modern Federal Jury Instructions</u>, Instr. 5-21.

28

REQUEST NO. 15

## Particular Investigative
## Techniques Not Required

### [If Applicable]

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were not used by law enforcement authorities. There is no legal requirement that the Government prove its case through any particular means. While you are to carefully consider the evidence presented by the Government, you need not speculate as to why they used the techniques they did, or why they did not use other techniques. The Government is not on trial, and law enforcement techniques are not your concern.

Your concern is to determine whether or not, based on the evidence or lack of evidence, the guilt of the defendant has been proven beyond a reasonable doubt.

> Adapted from the charge of Judge Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992), and from the charge of Judge John F. Keenan in United States v. Medina, 91 Cr. 894 (JFK) (S.D.N.Y. 1992).

29

REQUEST No. 16

**Preparation of Witnesses**

[If Applicable]

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

> Charge of Hon. Michael B. Mukasey in United States v. Abdul Latif Abdul Salam, 98 Cr. 208 (MBM) (S.D.N.Y. 1999).

30

REQUEST NO. 17

**<u>Persons Not on Trial</u>**

You may not draw any inference, favorable or unfavorable, from the fact that any person in addition to the defendant is not on trial here.  You also may not speculate as to the reasons why other persons are not on trial.  Those matters are wholly outside your concern and have no bearing on your function as jurors.

Adapted from Judge Werker's charge in <u>United States</u> v. <u>Barnes</u>, S 77 Cr. 190 (Nov. 29, 1977).

31

REQUEST NO. 18

**Uncalled Witnesses -- Equally Available**

There are several persons whose names you have heard during the course of the trial but who did not appear here to testify. I instruct you that each party had an equal opportunity, or lack of opportunity, to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 6-7.  See United States v. Super, 492 F.2d 319, 323 (2d Cir. 1974) (proper to instruct jury that no inference should be drawn from the absence of a witness who was equally unavailable to both sides); accord United States v. Brown, 511 F.2d 920, 925 (2d Cir. 1975).

32

REQUEST NO. 19

**Expert Testimony**

**(If applicable)**

You have heard testimony from what we call an expert witness.  This is a witness who by education or experience has acquired learning or experience in a science or a specialized area of knowledge.  Such witnesses are permitted to give their opinions as to relevant matters in which they profess to be expert and give their reasons for their opinions.  Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Now, your role in judging credibility applies to experts as well as to other witnesses.  You should consider the expert opinion which was received in evidence in this case and give it as much or as little weight as you think it deserves.  If you should decide that the opinion of an expert was not based on sufficient education or experience or on sufficient data, or if you should conclude that the trustworthiness or credibility of an expert is questionable for any reason, or if the opinion of the expert was outweighed, in your judgment, by other evidence in the case, then you might disregard the opinion of the expert entirely or in part.

On the other hand, if you find the opinion of an expert is

33

based on sufficient data, education and experience, and the other

evidence does not give you reason to doubt the expert's

conclusions, you would be justified in placing great reliance on

the expert's testimony.

> Adapted from the charge of Judge Pierre N.
> Leval in United States v. Mucciante, 91 Cr.
> 403 (PNL) (S.D.N.Y. 1992) and from the charge
> of Judge Michael B. Mukasey in United States
> v. Mensah, 91 Cr. 705 (MBM) (S.D.N.Y. 1991).

REQUEST No. 20

**Character Witnesses**

[If character witnesses are called by the defense]

During the course of this trial, there has been testimony that the defendant has a reputation for [insert character trait testified to]. [There has also been testimony to the contrary]. That testimony bears on the defendant's character. Character testimony should be considered together with all the other evidence in the case in determining the guilt or innocence of the defendant. Evidence of good character may in itself create a reasonable doubt where, without such evidence, no reasonable doubt would have existed. But if, on all the evidence, including the character evidence, you are satisfied beyond a reasonable doubt that the defendant you are considering is guilty, a showing that he previously enjoyed a reputation of good character does not justify or excuse the offense and you should not acquit the defendant merely because you believe he is a person of good repute.

> Adapted from United States v. Fayette, 388 F.2d 728, 737 (2d Cir. 1968). See United States v. Kelly, 349 F.2d 720, 765 (2d Cir.) cert. denied, 384 U.S. 947 (1966); United States v. Kabot, 295 F.2d 848, 855 n.1 (2d Cir. 1961), cert. denied, 369 U.S. 803 (1962). See also Michelson v. United States, 335 U.S. 469 (1948).

The testimony of a character witness is not to be taken

35

by you as the witness's opinion as to the guilt or innocence of a defendant.  [Indeed, a number of the character witnesses testified that they were not aware of the facts of this particular case.]  The guilt or innocence of a defendant is for you alone to determine and that should be based on all the evidence you have heard in the case.

> Adapted from the charge of Judge Robert J.
> Ward in United States v. Thweatt, 77 Cr. 553
> (S.D.N.Y. Oct. 17, 1977).

36

REQUEST No. 21

### Conclusion

Your function now is to weigh the evidence in this case and to determine the guilt or non-guilt of the defendant with respect to each count of the Indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment. Each of you must decide the case for him or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

Remember at all times, you are not partisans. You are judges -- judges of the facts. Your sole interest is to seek the

37

truth from the evidence in the case.

If you are divided, do <u>not</u> report how the vote stands, and if you have reached a verdict do not report what it is until you are asked in open Court.

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here.

Remember that your verdict must be rendered without fear, without favor and without prejudice or sympathy.

> Adapted from the charge of the Honorable Arnold Bauman in <u>United States</u> v. <u>Soldaro</u>, 73 Cr. 167, Tr. at 2502-03 (S.D.N.Y. 1973); <u>see also</u> <u>United States</u> v. <u>Corr</u>, 75 Cr. 803, Tr. 5425-26 (S.D.N.Y.), <u>aff'd</u>, 543 F.2d 1042 (2d Cir. 1970).

Dated:    New York, New York
          February 1, 2008

                              Respectfully submitted,

                              MICHAEL J. GARCIA
                              United States Attorney for the
                              Southern District of New York

                    By:    _____
                              Todd Blanche/John M. Hillebrecht
                              Assistant United States Attorneys
                              Telephone:(212) 637-2494/2262

<u>CERTIFICATE OF SERVICE</u>

Todd Blanche, pursuant to Title 28, United States Code, Section 1746, hereby declares under the penalty of perjury:

That I am an Assistant United States Attorney in the Office of the United States Attorney for the Southern District of New York.

That on February 1, 2008, I caused one copy of the within Requests to Charge to be filed via Electronic Filing, thereby sending notice to the following counsel of record:

William Devaney, Esq. (Counsel for defendant)

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. Section 1746.

Dated:  New York, New York
        February 1, 2008

_____
Todd Blanche