**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                              :
UNITED STATES OF AMERICA,                     :
                                              :
        -against-                             :
                                              :
                                              :          07-cr-1015 (LAK)
MICHAEL DEDE,                                 :
                                              :
                Defendant.                    :
-------------------------------------------------------------x


## MICHAEL DEDE'S REQUESTS TO CHARGE


William H. Devaney (WD 0563)
Liam C. Ewing, Jr. (WE 3781)
*Counsel for Michael Dede*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------x
                                                 :

UNITED STATES OF AMERICA,            :

                        :

        -against-            :

                        :            07-cr-1015 (LAK)

MICHAEL DEDE,                  :

                        :

              Defendant.     :
--------------------------------------------------------------x

## MICHAEL DEDE'S REQUESTS TO CHARGE

       Michael Dede, the defendant in the above-captioned action, pursuant to Rule 30 of the

Federal Rules of Criminal Procedure, respectfully requests that the Court include the following

in its charge to the jury.

## TABLE OF CONTENTS

**General Requests** ............................................................................ 1

**Request No. 1**
Plea Bargain ................................................................................ 2

**Request No. 2**
Impeachment by Felony Conviction (if applicable) ......................................... 4

**Request No. 3**
*Falsus in Uno, Falsus in Omnibus* (if applicable) ....................................... 5

**Request No. 4**
Decision of the Accused Not to Testify (if applicable) .................................... 6

**Request No. 5**
Evidence of a Defendant's Good Character (if applicable) ................................ 7

**Request No. 6**
Testimony of a Police Officer or Government Agent ...................................... 8

**Request No. 7**
Presumption of Innocence ............................................................... 9

**Request No. 8**
Burden of Proof ......................................................................... 10

**Request No. 9**
Reasonable Doubt Defined .............................................................. 11

**Request No. 10**
Indictment .............................................................................. 12

**Request No. 11**
Conspiracy – General Instruction ...................................................... 13

**Request No. 12**
Elements of the Conspiracy ............................................................ 14

**Request No. 13**
First Element – Existence of the Conspiracy ............................................ 15

**Request No. 14**
Second Element – Membership in the Conspiracy ....................................... 17

**Request No. 15**
Quantity of Heroin .................................................................... 20

## General Requests

Mr. Dede respectfully requests that the Court give its usual instructions to the jury on the following matters:

a.  Function Of Court And Jury

b.  Statements Of Court And Counsel Not Evidence

c.  Government Treated Like Any Other Party

d.  Inferences

e.  Definitions and Examples Of Direct And Circumstantial Evidence

f.  Credibility Of Witnesses

g.  Expert Testimony (if applicable)

h.  Identification Testimony (if applicable)

i.  Impeachment By Prior Inconsistent Statement Under Oath And Not Under Oath (if applicable)

j.  Venue

k.  Stipulations (if applicable)

l.  Number Of Witness Not To Be Considered

m.  Verdict Of Guilt Or Innocence Must Be Unanimous

n.  Duty To Deliberate

o.  Jurors' Recollection Controls

p.  Right To See Exhibits And Have Testimony Read During Deliberations

q.  Selection of Foreperson; Communications with the Judge; Verdict Forms

## Request No. 1

**Plea Bargain**

There has been testimony from government witnesses who pled guilty after entering into cooperation agreements with the government.

The government is permitted to enter into this kind of agreement. I instruct you that there is nothing improper in the government's use of witnesses who benefit from a plea bargain. You should not concern yourselves with how you personally feel about the use of such individuals, because that is really beside the point. Put another way, your task is to decide whether the government has proved the guilt of Mr. Dede beyond a reasonable doubt, regardless of whether evidence was obtained by the use of a witness who benefited from a plea bargain. You in turn, may accept the testimony of such a witness and convict Mr. Dede on the basis of this testimony, if it convinces you of Mr. Dede's guilt beyond a reasonable doubt.

However, you should bear in mind that a witness who has entered into such an agreement has an interest in this case different than any ordinary witness. A witness, who realized that he might be able to obtain his own freedom, or receive a lighter sentence, by giving favorable testimony to the prosecution, has a motive to testify falsely. Therefore, you must examine his testimony with caution and weigh it with great care. If, after scrutinizing his testimony, you decide to accept it, you may give it whatever weight, if any, you find it deserves.

You have also heard testimony and argument about the nature and effect of the plea bargains. That testimony and argument in large measure concerned the witness's motivation to testify and his understanding of the cooperation agreement. Your sole concern, however, is to evaluate the witness's credibility, a matter on which I have just instructed you.

2

**<u>Authority</u>**

*See* Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions*, §15.03 (5th ed. 2006); *Caminetti v. United States*, 242 U.S. 470, 37 S.Ct. 192 (1917); *United States v. Cosentino*, 844 F.2d 30, 32-35 (2d Cir.), *cert. denied*, 488 U.S. 923, 109 S.Ct. 303 (1988).

**Request No. 2**

**Impeachment by Felony Conviction (if applicable)**

You have heard the testimony of witnesses who were previously convicted of a crime punishable by more than one year in jail. These prior convictions may be considered by you in evaluating that witness' credibility. You may consider the fact that the witness who testified is a convicted felon in deciding how much of his or her testimony to accept, and what weight, if any, it should be given.

**Authority**

*See* Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions*, § 15.07 (5th ed. 2006); *United States v. Corcione*, 592 F.2d 111, 116 (2d Cir.), cert. denied, 440 U.S. 975, 99 S.Ct. 1545 (1979).

4

## Request No. 3

### *Falsus in Uno, Falsus in Omnibus* (if applicable)

The testimony of a witness may be discredited or impeached by showing that the witness previously made statements, which are inconsistent with the witness's present testimony. The earlier contradictory statements are admissible only to impeach the credibility of the witness, and not to establish the truth of these statements.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness's testimony in other particulars; and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

### Authority

*See* Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instruction,* § 15.06 (5th ed. 2006); *Tome v. United States*, 513 U.S. 150, 115 S.Ct. 696 (1995).

## Request No. 4

**Decision of the Accused Not to Testify (if applicable)**

The decision of Mr. Dede not to testify on his own behalf does not create any presumption against Mr. Dede. Under our constitution, a defendant has no obligation to testify or to present any other evidence because it is the prosecution's burden to prove a defendant guilty beyond a reasonable doubt. The burden remains with the prosecution throughout the entire trial and never shifts to the defendant. A defendant is never required to prove that he is innocent. Therefore, you may not attach any significance whatsoever to the fact that Mr. Dede did not testify and may not consider this in any way in your deliberations.

## Authority

*See* Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instruction*, §15.14 (5th ed. 2006); *Carter v. Kentucky,* 450 U.S. 288, 299, 101 S.Ct. 1112, 1118 (1981); *Bruno v. United States,* 308 U.S. 287, 293, 60 S.Ct. 198 (1939).

6

## Request No. 5

**Evidence of a Defendant's Good Character (if applicable)**

You have heard the testimony of witnesses who have testified as to the good character of Mr. Dede (i.e., that he has a reputation for being honest, hard working, etc.). Along with all the other evidence you have heard, you may take into consideration what you believe about Mr. Dede's character when you decide whether the government has proved, beyond a reasonable doubt, that Mr. Dede committed the crime. Evidence of Mr. Dede's character alone may create a reasonable doubt whether the government proved that Mr. Dede committed the crime.

**Authority**

Fed. R. Evid. Rule 405; Federal Judicial Center, Pattern Criminal Jury Instructions § 51 (1988).

7

## Request No. 6

**Testimony of a Police Officer or Government Agent**

You have heard testimony from law enforcement officers and government agent(s) during this trial. The testimony of a law enforcement officer or of a government agent is not entitled to any greater or lesser weight than that of any other witness. Testimony by a law enforcement officer or of a government agent should be considered like any other testimony. You are to consider testimony given by a law enforcement officer or government agent, and any testimony given by any other witness during this trial, equally. You may accept it or reject it, and give it as much weight as you think it may deserve in light of all of the other evidence in this case.

You must determine the credibility of police officials and government agents in the same way and by the same standards as you would evaluate the testimony of any witness. People in official positions are not presumed to be more or less truthful than those in ordinary walks of life. A police official or government agent does not deserve greater or lesser believability just because of his official position. Whether you believe him or not must depend on how truthful you judge him to be after you heard his testimony and formed your own conclusions as to his believability.

**Authority**

*See* Howard G. Leventhal, Esq., *Charges to the Jury and Requests to Charge in a Criminal Case*, § 6:17 (Rev. ed. 1988)

8

## Request No. 7

**Presumption of Innocence**

The indictment or formal charge against Mr. Dede is not evidence of guilt; it is only an accusation. It does not constitute evidence of guilt nor does it create any presumption of guilt. Mr. Dede cannot be considered to be guilty just because he is charged with a crime. He is presumed to be innocent. That presumption continues unless and until you find that the government has proven him guilty beyond a reasonable doubt.

The law presumes Mr. Dede to be innocent of all the charges against him. I therefore instruct you that Mr. Dede is to be presumed by you to be innocent throughout your deliberation until such time, if ever, that you as a jury are satisfied that the government has proven Mr. Dede guilty beyond a reasonable doubt. Mr. Dede must be given the benefit of every reasonable doubt.

Mr. Dede began this trial with a clean slate. This presumption of innocence alone is sufficient to acquit Mr. Dede unless you as jurors are unanimously convinced beyond a reasonable doubt of Mr. Dede's guilt after a careful and impartial consideration of all the evidence in this case. If the government fails to prove each and every element of the offense beyond a reasonable doubt, it is your duty to find Mr. Dede not guilty.

This presumption was with Mr. Dede when the trial began and remains with him even now as I speak to you and will continue with him into your deliberations unless and until you are convinced that the government has proven guilt beyond a reasonable doubt.

**Authority**

*See* Leonard B. Sand, *et al.*, *Modern Federal Jury Instructions* ¶ 4.01, Instruction 4-1 (1995); *Bell v. Wolfish*, 441 U.S. 520, 531-35 (1979); *Taylor v. Kentucky*, 436 U.S. 478, 483-86 (1978); and *Coffin v. United States*, 156 U.S. 432 (1895).

9

## Request No. 8

**Burden of Proof**

As I just instructed you, it is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance. As I said a moment ago, the presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of Mr. Dede.

In a criminal case, the burden is at all times upon the government to prove guilt beyond a reasonable doubt. This burden never shifts to Mr. Dede, which means that it is always the government's burden to prove each of the elements of the crime charged beyond a reasonable doubt. Accordingly, if you find that evidence is capable of two reasonable interpretations, one of which supports a defendant's innocence, you must adopt the interpretation that supports innocence.

### Authority

*See* Leonard B. Sand, *et al.*, *Modern Federal Jury Instructions* ¶ 4.01, Instruction 4-2 (1995); *Holland v. United States,* 348 U.S. 121, 139-41 (1954); *United States v. Ivic,* 700 F.2d 51, 68-70 (2d Cir. 1983); *United States v. Magnano,* 543 F.2d 431, 436-37 (2d Cir. 1970); and Committee on Pattern Criminal Jury Instructions – First Circuit, *Federal Jury Practice And Instructions,* 1st Cir. § 3.02 (1998).

10

## Request No. 9

**Reasonable Doubt Defined**

I have said many times that the government has the burden of proving the defendant guilty beyond a reasonable doubt. The question, naturally, is what is a reasonable doubt? The words almost define themselves. It is a doubt based on reason and common sense and may arise from a careful and impartial consideration of all of the evidence, or from a lack of evidence. It is a doubt that a reasonable person has after carefully weighing all of the evidence. It is a doubt that would cause a reasonable person to hesitate to act in a matter of utmost importance in his or her personal life. It is a doubt that causes you to pause in your decision making. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his own affairs.

Every element of the offense must be proven beyond a reasonable doubt. Where reference is made in the charge to the question of proof of an element you must remember, even if it is not repeated, that the government's burden is to prove each element of a charge beyond a reasonable doubt.

If, after fair and impartial consideration of all of the evidence, you have a reasonable doubt, it is your duty to acquit Mr. Dede. If, however, your fair and impartial review of all the evidence convinces you that the government has met its burden and proven each element of the charged offense beyond a reasonable doubt, then you should vote to convict.

## Authority

*See* Committee on Model Jury Instructions – Criminal, *Model Criminal Jury Instructions*, 9th Cir. 3.5 (2003); Federal Judicial Center, *Pattern Criminal Jury Instructions*, 21 (1988); Leonard B. Sand, *et. al.*, *Modern Federal Jury Instructions* ¶ 4.01, Instruction 4-2 (1995); *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *In re Winship*, 397 U.S. 358, 365 (1970); *Holland v. United States*, 348 U.S. 121, 139-41 (1954); *United States v. Ivic*, 700 F2d 51, 68-70 (2d Cir. 1983); and *United States v. Magnano*, 543 F.2d 431, 436-37 (2d Cir. 1970).

11

### Request No. 10

**Indictment**

With these preliminary instructions in mind, let us turn to the charges against Mr. Dede as contained in the Indictment. I remind you that an Indictment itself is not evidence. It merely describes the charges made against Mr. Dede. It is only an accusation that the government has the burden of proving beyond a reasonable doubt. It may not be considered by you as any evidence of guilt, merely it sets out the allegations and you must determine whether the government has proven those allegations beyond a reasonable doubt.

The Indictment charges Mr. Dede and others known and unknown with conspiracy to violate the federal narcotics laws. Specifically, the Indictment charges Mr. Dede and others known and unknown with conspiring to distribute, and to possess with the intent to distribute, more than one kilogram of heroin. The conspiracy is alleged to have taken place from in or about 2004 through approximately August 2006.

I will now instruct you about the elements of the offense.

**Authority**

*See* Leonard B. Sand, *et al.*, *Modern Federal Jury Instructions,* Instr. 35-45; *See also* The charge of the Honorable Kevin Thomas Duffy in *United States v. Ogarro*, 92 Cr. 114 (S.D.N.Y. June 12, 1992); The charge of the Honorable Kevin Thomas Duffy in *United States v. Burnett*, 92 Cr. 731 (S.D.N.Y. Mar. 17, 1993); The charge of the Honorable Richard M. Berman in *United States v. Manuel Pena,* S1 00 Cr.36 (S.D.N.Y. 2001); and Edward J. Devitt, *et al.*, *Federal Jury Practice and Instructions*, § 13.04 (1992).

**Request No. 11**

**Conspiracy – General Instruction**

In the Indictment, Mr. Dede is accused of having been a member of a conspiracy to violate the federal narcotics laws. A conspiracy is a kind of criminal partnership – a combination or agreement of two or more persons to join together to accomplish some unlawful purpose.

Conspiracy to violate a federal law is an independent offense. It is separate and distinct from the actual violation of any specific federal laws, which the law refers to as "substantive crimes."

Indeed, you may find a defendant guilty of conspiracy even though the substantive crime, which was the object of the conspiracy, was not actually committed.

Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime even if the conspiracy is not successful.

**Authority**

*See* Leonard B. Sand, *et al.*, *Modern Federal Jury Instructions*, Instructions 19-2; and *United States v. Labat,* 905 F.2d 18, 21 (2d Cir. 1990); *United States v. Rios,* 91 Cr. 919 (S.D.N.Y. 1992).

## **Request No. 12**

**Elements of the Conspiracy**

There are two elements that the government must prove beyond a reasonable doubt:

First, the existence of the conspiracy charged in the Indictment. In other words, the government must prove beyond a reasonable doubt that two or more people entered into the agreement charged in the Indictment.

Therefore, the first question for you to determine is: Did the conspiracy alleged in the Indictment exist? Was there such a conspiracy?

Second, the government must prove beyond a reasonable doubt that Mr. Dede knowingly and intentionally became a member of the conspiracy charged in the Indictment. That is, the government must prove beyond a reasonable doubt that Mr. Dede knowingly and intentionally joined the conspiracy and participated in it.

**Authority**

*See* the charge of the Honorable Leonard B. Sand in *United States v. Rios*, 91 Cr. 914 (S.D.N.Y. 1992).

### Request No. 13

**First Element – Existence of the Conspiracy**

As I just instructed you, the first element, which the government must prove beyond a reasonable doubt, is the existence of the conspiracy charged in the Indictment. That is, the government must prove beyond a reasonable doubt that two or more people entered into the unlawful agreement to distribute or possess with intent to distribute heroin as charged in the Indictment from in or about 2004 to in or about August 2006.

The essence of the crime of conspiracy is a combination, an agreement, or a mutual understanding of two or more persons to violate the law by some joint or common plan or course of action. The conspiracy alleged here is the agreement to possess with intent to distribute and to distribute heroin, and, as I instructed you earlier, this is an entirely distinct and separate offense from the actual possession with intent to distribute or the distribution of narcotics.

In order for the government to establish beyond a reasonable doubt the existence of an agreement, you need not find that alleged members of the conspiracy met together and entered into any express or formal agreement. Similarly, you need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme or means by which its object or purpose was to be accomplished. Indeed, it is sufficient for the government to show beyond a reasonable doubt that the conspirators tacitly came to a mutual understanding to accomplish an unlawful act by means of a joint plan or common design.

You may, of course, find that the existence of an agreement to disobey or disregard the law has been established beyond a reasonable doubt by direct proof. You may also infer its existence beyond a reasonable doubt from the circumstances of this case and the conduct of the

15

parties involved. You may, in determining whether an agreement existed here, consider the actions and statements of all of those you find to be members of the conspiracy as proof that a common design existed on the part of those members and the person charged to act together for the accomplishment of an unlawful purpose.

If you find beyond a reasonable doubt that two or more persons came to an understanding, express or implied, to violate the law and accomplish the object of the conspiracy charged in the Indictment, then the government will have sustained its burden of proof as to the existence of the conspiracy.

Let me now define the object of a conspiracy. The object of a conspiracy is the illegal goal the co-conspirators agree or hope to achieve. The Indictment charges the following goal of the conspiracy: the distribution of, and possession with intent to distribute, heroin. I will define the terms "distribution" and "possession" for you. To "distribute" means simply to transfer to another. It does not require a sale. "Possession with intent to distribute" simply means the possession of a controlled substance with the intention, or purpose, to distribute it to another person or persons.

I will now instruct you on the second element of a conspiracy – membership.

#### Authority

*See* Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions,* § 31.04 (5th ed. 2006); Also adapted from the charge of the Honorable Leonard B. Sand in *United States v. Rios*, 91 Cr. 914 (S.D.N.Y. 1992); *See also* Leonard B. Sand, *et al.*, *Modern Federal Jury Instructions,* Instr. 19-2; and *United States v. Lebat,* 905 F.2d 18, 21 (2d Cir. 1990).

16

### Request No. 14

**Second Element – Membership in the Conspiracy**

If the government has established the existence of the conspiracy charged in the Indictment beyond a reasonable doubt, they must next prove beyond a reasonable doubt in order to establish the offense of conspiracy that Mr. Dede unlawfully, knowingly, and intentionally became a member of the conspiracy charged in the Indictment.

"Unlawfully" simply means contrary to the law. A defendant need not have known that he was breaking any particular law or any particular rule. He need only have been aware of the generally unlawful nature of his acts.

"Knowingly" means to do an act voluntarily and intentionally and not because of ignorance, mistake, accident or carelessness.

"Intentionally" means to act deliberately and with a bad purpose. That is, a defendant's acts must be the product of his or her conscious objectives to have been done intentionally.

In deciding whether Mr. Dede was, in fact, a member of the conspiracy charged in the Indictment, you should consider whether, based upon all of the evidence, the government has proven beyond a reasonable doubt that he knowingly and willfully joined in that conspiracy. To that end, the evidence in the case must show beyond a reasonable doubt that Mr. Dede knew the object of the conspiracy charged in the Indictment and deliberately entered into the agreement intending in some way to accomplish that object by common plan or joint action.

It is not necessary for the government to show that a defendant was fully informed as to all the details of the conspiracy in order for you to infer knowledge on his part. To have guilty knowledge, a defendant need not know the full extent of the conspiracy, or all of the activities of all its participants. It is not even necessary for a defendant to know every other member of the

17

conspiracy. Nor is it necessary for a defendant to receive any monetary benefit from his participation in the conspiracy, or to have a financial stake in the outcome. It is enough if he participated in the conspiracy unlawfully, knowingly, and intentionally, as I have defined those terms.

The duration and extent of a defendant's participation in the conspiracy has no bearing on the issue of a defendant's guilt. He need not have joined the conspiracy at the outset. He may have joined it at any time in its progress – at the beginning, in the middle, or at the end. Regardless of when he may have joined, he will still be held responsible for all that was done before he joined and all that was done during the conspiracy's existence while he was a member.

Each member of a conspiracy may perform separate and distinct acts. Some conspirators play major roles, while others play minor roles in the conspiracy. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw a defendant within the scope of the conspiracy.

I want to caution you, however, that a defendant's mere presence at the scene of an alleged crime does not, by itself, make him a member of the conspiracy. Similarly, mere association with one or more members of the conspiracy does not make a defendant a member of the conspiracy, even when that association is coupled with knowledge that a conspiracy is occurring. A person may know, or be friendly with, a criminal without being a criminal himself. Mere similarity of conduct, of the fact that they have been assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy or membership in it.

Moreover, the fact that the acts of a defendant without knowledge merely happen to further the purposes or objectives of the conspiracy does not make the defendant a member. The

18

law requires more.  What is necessary is that a defendant deliberately participated in the conspiracy with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of accomplishing those unlawful ends.

In sum, the government must prove beyond a reasonable doubt that Mr. Dede, with an understanding of the unlawful character of the conspiracy charged in the Indictment, must have intentionally engaged in it for the purpose of furthering the illegal undertaking.

A conspiracy, once formed, is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by its members.  So, too, once a person is found beyond a reasonable doubt to be a member of a conspiracy, he is presumed to continue his membership in the venture until its termination, unless it is shown by some affirmative proof that he withdrew and disassociated himself from it.

## Authority

*See* Kevin P. O'Malley, *et al.*, *Federal Jury Practice and Instructions*, Instr. § 31.05 (5th ed. 2006);  Also adapted from the charges of the Honorable Leonard B. Sand in *United States v. Rios*, 91 Cr. 974 (S.D.N.Y. 1992); *See also,* Leonard B. Sand, *et al.*, *Modern Federal Jury Instructions*, Instr. 19-6,56-18; *United States v. Townsend*, 987 F.2d 927 (2d Cir. 1993) (defining "intentionally"); and Charge of the Honorable Jed S. Rakoff in *United States v. Bowens*, 04 Cr. 0048 (S.D.N.Y. 2007).

## Request No. 15

**Quantity of Heroin**

If you find beyond a reasonable doubt the existence of the conspiracy alleged in the

Indictment and beyond a reasonable doubt that Mr. Dede participated in that conspiracy, you will

be asked to determine the quantity of heroin that the conspirators intended to distribute.

Specifically, you must then determine, and record on your verdict form, whether the amount of

heroin in the conspirators' contemplated distribution was: A. 1 kilogram or more; B. less than 1

kilogram; C. more than 100 grams; or D. less than 100 grams.

Here, as elsewhere, your finding must be unanimous and beyond a reasonable doubt.

### Authority

*See* 21 U.S.C. § 841(b)(1); *see also* Charge of the Honorable Jed S. Rakoff in *United States v. Bowens*, 04 Cr. 0048 (S.D.N.Y. 2007).

Dated: New York, New York
      February 1, 2008

                              Respectfully Submitted,

            By:

                              William H. Devaney (WD 0563)
                              Liam C. Ewing (WE 3781)
                              VENABLE LLP
                              405 Lexington Ave
                              Fifty-Sixth Floor
                              New York, New York 10174
                              (212) 307-5500
                              *Counsel for Defendant*
                              *Michael Dede*

TO:    Todd Blanche, Esq.
        Assistant United States Attorney

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,　　　　　:

　　　　　　　　　　　　　　　　　　　:

　　　　　　-against-　　　　　　　　:

　　　　　　　　　　　　　　　　　　　:　07-Cr-1015 (LAK)

MICHAEL DEDE,　　　　　　　　　　　:

　　　　　　　　　　　　　　　　　　　:

　　　　　　　　　　　　Defendant.　　:

　　　　　　　　　　　　　　　　　　　:

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT on the 1st day of February 2008, I caused to be served via Electronic Filing a true copy of the within Requests To Charge of Defendant Michael Dede on Assistant United States Attorney Todd Blanche.

Dated: New York, New York
　　　　February 1, 2008

LIAM C. EWING, JR.