USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/25/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
MICHAEL DEDE,

                Movant,

        -against-                            10 Civ. 7913 (LAK)
                                                    [07 Crim. 1015 (LAK)]

UNITED STATES OF AMERICA,

                Respondent.
------------------------------------x

## ORDER

LEWIS A. KAPLAN, *District Judge.*

        Movant was convicted at trial of one count of conspiracy to distribute, and possess with intent to distribute, heroin and sentenced on June 2, 2008, principally to a term of imprisonment of 188 months. The conviction was affirmed by the Second Circuit on March 31, 2009, and certiorari was denied on October 5, 2009. *United States v. Dede,* 321 Fed. Appx. 35 (2d Cir.), *cert. denied,* 130 S.Ct. 251 (2009). The matter now is before the Court on movant's timely motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 on the ground that his trial counsel was ineffective principally in that he (1) stipulated to the receipt in evidence of GX 12, (2) failed to object to the receipt of or reference to various items of drug paraphernalia that were seized from persons other than himself, (3) failed to impeach the grand jury testimony of Detective Gergley in certain respects, and (4) failed to object to the *Allen* charge given at trial. He contends also that his appellate counsel was ineffective for failing to argue that the denial of movant's Rule 29 motion at trial was erroneous.

        Movant's contentions all are entirely without merit, substantially for the reasons set forth in the government's opposition. The Court writes briefly to address the point concerning Detective Gergley's testimony.

        Detective Gergley testified in the grand jury that the two witnesses who cooperated against movant at trial had not been together or had any contact with each other after they were arrested. GJ Tr. 13:11-21. At trial, both of those witnesses testified that they had been together in intake for two days following their arrest. Tr.154:20-155:2 (Cruz); 272:23-274:3 (Farrell). The

2

parties stipulated to similar effect.¹ Movant characterizes Gergley's testimony before the grand jury as perjury and faults his trial counsel for failing "to object to the government's permitting of the perjured testimony . . . before the grand jury [to] go uncorrected during the trial." DI 14, at 1.

Movant considerably overstates the supposed inconsistency. For one thing, Gergley testified before the grand jury in part on the basis of conversations with others and reports in addition to personal knowledge. Gergley may simply have misremembered or been misinformed in the best of good faith. But this is beside the point.

First of all, there is no basis for faulting trial counsel's performance. The cooperators testified before Gergley took the stand and put themselves together for two days while they were in intake following their arrest. A stipulation to the same effect was read into the record before Gergley testified. All this set up the argument that one of the cooperators, Cruz, manipulated the other, Farrell, while they were together in intake – an argument counsel did his best to make on closing, Tr. 418:19-420:9, despite the very serious obstacle posed by the fact that Farrell began cooperating very soon after his arrest, but Cruz continued to deny culpability for long thereafter. Indeed, in the course of doing so, defense counsel argued that the government's claim that the two never communicated after their arrest was not credible. *Id.* at 419:4-7. Nevertheless, trial counsel plainly made a tactical decision to challenge Detective Gergley as having seen other events through colored glasses by reason of interest rather than by attacking his honesty head on, as evidenced by this passage from his closing:

> "Just a word about Detective Gergley's testimony in general. The Judge is going to instruct you that law enforcement witnesses are no different than any other witnesses. You ought to take a look at their demeanor, their bias, whether or not they have a stake in the outcome just like you would of any other witness. With respect to Detective Gergley, *a fine man out there doing a very dangerous job,* does he want to win this case? Of course he does. If [w]e take a look at his take on events . . . , if you take a look at his entire testimony, there is no room for gray there. Everything was sinister whether it was telephone calls between friends, took on the sinister corroboration in narcotics transaction. There is nothing indicative of a narcotics transacting about those telephone calls unless you look [] at them through that sinister view." *Id.* at 430:3-17 (emphasis added).

---

¹

"[T]he parties have agreed to the following: Based upon the Bureau of Prisons records between August 25th, 2006 and August 28, 2006, Jose Anthony Cruz and Lester Farrell were incarcerated at the Metropolitan Detention Center in Brooklyn, New York, and were assigned prison cells in the same unit. In particular, Jose Anthony Cruz was incarcerated in House G, Range 01, Bed 421U and Lester Farrell was incarcerated in House 6, Range 01, Bed 416U.

"From August 28, 2006 until today, Jose Anthony Cruz and Lester Farrell have not been incarcerated at the same facility. However, Jose Anthony Cruz was released on bail from June 27, 2007 until July 25th, 2007." Tr. 238: 7-18; *see also* GX 27.

3

That is the sort of tactical judgment that trial lawyers make all the time based on their assessments of how witnesses were received by jurors. Such judgments are not professionally unreasonable, are strongly presumed to be sound, and do not run afoul of the first of *Strickland*'s prongs. *See, e.g., Strickland v. Washington,* 466 U.S. 668, 690 (1984).

Nor has movant established the second prong of *Strickland,* viz. that there is a reasonable probability that, but for counsel's failure to attempt to cross-examine Gergley about the accuracy of his grand jury testimony, the outcome here would have been different.[2]

In all the circumstances, the motion is denied in all respects. A certificate of appealability is denied, and the Court certifies that any appeal herefrom would not be taken in good faith within the meaning of 28 U.S.C. §1915(a)(3).

SO ORDERED.

Dated:      July 25, 2011

_____
Lewis A. Kaplan
United States District Judge

---

[2] It is far from clear that he could have done so even if so minded. Gergley did not testify at trial that the two cooperators were not together after their arrest.